FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR 28  PM 2 13

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEFA GOMEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2403** |
| **JO ANNE B. BARNHART,**<br>**COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "R" (4)** |

## REPORT AND RECOMMENDATION

### I.    Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to **Title 42 U.S.C. § 405(g)**.   The Commissioner denied Josefa Gomez's claim for Supplemental Security Income Benefits under Title XVI of the Social Security Act, **Title 42 U.S.C. § 1382c**.

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 7)** which was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.  The mover contends that the subject matter should be dismissed with prejudice because the plaintiff failed to state a claim upon which relief can be granted as the claim is barred by the doctrine of res judicata.

### II.   Factual Summary

The claimant, Josefa Gomez,  filed an application for supplemental security income benefits

Fee_____
Process_____
X Dktd_____
X CtRmDep_____
Doc. No_____

on April 11, 1984, which was denied on May 16, 1984.  (Declaration of Patricia Sopper, p. 2) Thereafter, the plaintiff filed a second application for benefits on April 2, 1985, which was denied on May 16, 1985.  The plaintiff filed a third application for benefits on May 28, 1996, and on July 28, 1998, the Administrative Law Judge ("ALJ") issued a decision and found that Gomez had been under a disability since May 28, 1996.

On June 28, 1999, the SSA issued a memorandum in response to the claimant's request for the ALJ to review the denials of the April 1984 and April 1985 applications.  According to the memorandum, the ALJ declined to reopen the earlier unfavorable decisions because he concluded that he could not determine whether good cause existed to revise the earlier decisions as the determinations were made past the four-year and two-year time frame for review of the Title II and Title XVI decisions.  Consequently, in July 1999, the plaintiff requested review of the ALJ's determination before the Appeals Council.

On June 25, 2004, the Appeals Council affirmed the ALJ and declined to reopen the administrative claim as the time limit for reopening the notice of initial determination had expired. As such, the initial May 16, 1984 determination decision became the final decision of the Commissioner.  As a result, on August 23, 2004, Gomez filed the subject civil action seeking review of the ALJ's decision of June 1999, exceeding the two years allowed by the regulations for seeking a reopening of a Title XVI claim.

The plaintiff opposes the motion and concedes that the procedural history is not disputed. However, the plaintiff contends that her request for reopening a prior determination should not be dismissed for three reasons: (1) she contends that her mental condition prevented her from pursuing the benefits; (2)  she has new evidence which indicates that her disability began in 1983, but her mental condition prevented her from protecting her rights; and (3) she was previously unrepresented

2

and had no hearing which presents a colorable constitutional claim.

## III.   Standard of Review

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall,* 42 F. 3d 925, 931 (5th Cir. 1995).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the Court cannot look beyond the face of the pleadings. *Baker,* 75 F.3d at 196. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992)

Dismissal is warranted if a plaintiff has:  (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim. *See Jacquez v. Procunier,*  801 F.2d 789, 792-93 (5th Cir. 1986) (where the court recognized that dismissal is required if a plaintiff has had a fair opportunity to plead his case but failed.).

Consideration of a 12(b)(6) motion typically focuses solely on the complaint. *Louisiana ex rel. Guste v. United States,*  656  F. Supp. 1310, 1314 n.6 (W.D.La. 1986).  However, a court may permissibly refer to matters of public record but generally not matters outside the pleadings, except

those matters of which the Court takes judicial notice. *Cinel v. Connick*, 15 F.3d 1338, 1343n.6 (5th Cir. 1994), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

## IV. Analysis

The mover contends that Gomez's claims requesting a reopening of the prior determination should be denied because the request, initially denied in 1984, became the final decision of the Commission. The mover points out that Gomez failed to seek judicial review at that time. Consequently, the doctrine of res judicata bars the request as the decision became final in 1996. The mover further contends that 20 C.F.R. §416.1489 provides that a claimant has two years from the notice of the initial determination to seek to reopen the case. The mover indicated that an initial determination was issued May 16, 1984, and a subsequent initial determination was issued on May 16, 1985. According to the mover, since it has been more than 20 years since the initial determination in this case, the plaintiff has failed to state a claim on which relief can be granted.

The plaintiff, on the other hand, contends that her determination should be reopened because she failed to challenge the decision due to a mental illness. She further contends that the claim is not barred by the doctrine of res judicata. The plaintiff contends that a determination may be opened at any time if there was fault on the part of the Administration not taking into account the mental limitations of the applicant and the fact that the claimant is not working.

### A. Res Judicata

Res judicata bars the re-litigation of an identical claim by identical parties once a final decision has been rendered on that claim. See *Breneman v. United States ex rel. FAA*, 381 F.3d 33, 38 (1st Cir. 2004). To be identical, a successor claim must arise out of the same "transaction or occurrence" as its predecessor. *Id.*

The strict requirements of res judicata have, however, been modified in this administrative

4

context by regulations that under some circumstances allow prior determinations to be reopened. 20 C.F.R. §§ 404.988. The record affirmatively shows, however, that appellant's petition for reopening was not timely filed under 20 C.F.R. § 416.1488. Cf. *Craig v. Finch,* 416 F.2d 721 (5th Cir. 1969). Nevertheless, Gomez argues that the running of the limitation period does not apply because her limited mental abilities, and recurrent and severe depression prevented her from understanding the necessity of seeking reopening within that period of time.

The record shows that Gomez filed an application for supplemental security income on June 26, 1996 because she suffered with depression and had memory problems. On July 28, 1998, the ALJ found that she was depressed and suffered with impaired memory, emotional lability, auditory hallucination, impaired concentration and impaired judgment.

In the opinion, the ALJ noted the medical records indicated that Gomez's depression prevented her from completing tasks at work, following instructions, and required multiple absences from work. At the administrative hearing, Gomez, accompanied by her daughter, was represented by Agustin Guitart.

While the ALJ found that Gomez was disabled as a result of the June 1996 application, counsel for Gomez did not challenge or seek a review of that decision. Instead, Gomez's counsel sought to reopen the earlier April 1984 application, citing Gomez's mental condition in 1984 as constituting appropriate grounds for reopening the earlier finding.

### B.    Section 404.988(c)

According to the claimant, she seeks to reopen the prior determinations pursuant to two regulations §404.988(c) and 416.1488. Section 404.988 provides that a determination may be reopened if: (1) it was obtained by fraud or similar fault for factors which we take into account in determining fraud or similar fault; (2) another person files a claim on the same earnings record and

allowance of the claim adversely affects the claimant's claim; (3) a person previously determined to be dead and on whose earnings record entitlement is based is later found to be alive; and (4) the claim was denied because you did not prove that a person died and the death is later established. None of the circumstances detailed in §404.988 exist; therefore, the plaintiff's contention that her due process rights were violated fails.

C.    **Sections 416.1488, 416.1489**

In addition to the above regulation, the claimant also contends that the claim should be reopened pursuant to 416.1488 which provides that a matter could be reopened within 12 months of the date of the notice of the initial determination for any reason; within two years of the date of the notice of the initial determination if good cause is found as defined in §416.1489, or, at any time, if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, consideration would be given to any physical, mental, educational or linguistic limitations which the claimant may have had at the time.

Section 416.1489 provides that good cause exists if: (1) there is new and material evidence which is furnished; (2) a clerical error was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

Gomez initially contends that there is "new evidence" which indicates that she has been disabled since 1983. In support of her claim, the plaintiff points to two letters, dated September 16, 1998 and March 31, 1999, from Dr. Leslie Snider, the plaintiff's treating physician at the Chartres-Pontchartrain Mental Health Center.

The September 16, 1998 letter by Dr. Snider indicates that Gomez was seen by another clinic doctor prior to 1994. However, the specific dates she initially sought treatment could not be determined as the records had been purged. Prior to 1994, Gomez, however was diagnosed with

adjustment disorder with anxiety.  In 1994, another clinic doctor felt that she was suffering from dissociative disorder, not otherwise specified, and from borderline personality disorder.  Dr. Snider noted that Gomez had been under her care since 1995 and opined that her primary diagnosis was recurrent major depressive disorder.

The March 1999 letter from Dr. Snider indicates that as early as 1983, Gomez was disabled as she had visited the clinic for a psychiatric evaluation in  April 1984 and had been unable to work for one year.  Dr. Snider also referenced a 1994 evaluation regarding Gomez's level of impairment but it is unclear regarding the date the evaluation of her adaptive functioning took place.

The Court notes that while Dr. Snider's March 1999 letter suggests that Gomez received mental treatment for mental conditions in 1983, there is no indication that her conditions were the same as those found in the 1996 opinion.

Further, the determination of no disability occurred some nineteen years prior to the request to reopen the determination.  Additionally, while there is evidence that in 1996 Dr. Snider thought that Gomez was disabled in 1983, none of the medical records that were considered at the time of the initial determination were attached or included for the court's review as they were presumably destroyed through a regular retention process.  The Court finds that the 1999 letters do not constitute good cause for reopening the matter.

### D.      Unrepresented/No Hearing Claim

Gomez also contends that the 1984 determination should be reopened because she  was not represented at the time and that no hearing took place.  While the plaintiff presents this assertion for consideration, she failed to present any proof that she was not represented in the earlier matter and that there was no hearing to receive testimonial evidence regarding her disability claim.

Further, lack of representation is not a good cause factor set forth in Section 416.1489.

7

Therefore, the Court finds that Gomez's claim seeking to reopen the 1984 determination was filed well past the expiration of the limitations period, and further, that no good cause has been shown to reopen same.

**V.      Recommendation**

It is the **RECOMMENDATION OF THIS COURT** that the defendant's **Motion to Dismiss (Rec. Doc. No. 7),** with prejudice, be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27 day of April 2005.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

8