

```
U.S. FILED
EASTERN DISTRICT COURT
         DISTRICT OF LA

2005 OCT 12  PM 3:01

LORETTA G. WHYTE
     CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEFA GOMEZ                                    CIVIL ACTION

VERSUS                                          NO: 04-2403

JO ANNE B. BARNHART,                            SECTION "R" (4)
COMMISSIONER OF SOCIAL SECURITY

### ORDER AND REASONS

Plaintiff Josefa Gomez objects to the magistrate judge's Report and Recommendation that her claims be dismissed. Having reviewed the record *de novo*, the Court determines that under the applicable law, plaintiff's objections are without merit, and plaintiff's claims must be dismissed.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 1984, plaintiff filed an application for supplemental security income benefits. Plaintiff's application was denied on May 16, 1984. On April 2, 1985, Plaintiff again applied for benefits. That application was denied on May 16, 1985. Plaintiff, who was not represented by an attorney, took no further action in pursuit of either of those applications. Plaintiff filed a third application on May 28, 1996. On July 28,

```
___ Fee_____
___ Process___
 X  Dktd_____
___ CtRmDep__
___ Doc. No__
```

1998, an Administrative Law Judge found that plaintiff had been disabled since the date of her third application and awarded her benefits from that date.

On April 22, 1999, plaintiff, through counsel, sought to reopen her 1984 and 1985 applications. The ALJ denied her request to reopen. The ALJ found that it was not possible to determine whether good cause existed to revise the earlier determinations and noted that the time period for seeking to reopen the earlier, unfavorable determinations had long since expired. Plaintiff appealed that decision to the Appeals Council, and on June 25, 2004, the Appeals Council upheld the ALJ's decision, finding that plaintiff had failed to timely request that the 1984 and 1985 determinations be reopened.

Plaintiff filed this action on August 23, 2004. She seeks judicial review of the Commissioner's decision denying her request to reopen her earlier applications. Defendant moved to dismiss the action on December 14, 2004. On April 28, 2005, the magistrate judge issued a Report and Recommendation concluding that plaintiff's claims should be dismissed. Plaintiff objects to the magistrate's Report and Recommendation.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Section 205(g) of the Social Security Act, 42 U.S.C. §

405(g), establishes the scope of the federal courts' jurisdiction to review benefits determinations of the Commissioner of Social Security. Specifically, section 205(g) grants a claimant the right to seek judicial review of any "final decision . . . made after a hearing to which he was a party" by filing a civil action in U.S. district court within 60 days of receiving notice of the decision. *See id.* It is well settled that the Commissioner's denial of a request to reopen a previous benefits determination is not a "final decision" for purposes of establishing jurisdiction under section 205(g). *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Byam v. Barnhart*, 336 F.3d 172, 179-80 (2d Cir. 2003); *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001); *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995).

A federal court can review the Commissioner's denial of a request to reopen only when the plaintiff has asserted a "colorable constitutional claim." *Torres*, 48 F.3d at 890 ("[F]ederal court review of the Secretary's denial of a motion to reopen a claim lies only where a colorable constitutional claim is at issue."); *see also Sanders*, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures, and, therefore, access to the courts is essential to the decision of such questions.").

Here, plaintiff alleges that the Commissioner's refusal to

3

reopen her 1984 and 1985 applications violated her constitutional right to due process because her mental impairment prevented her from understanding and pursuing her right to appeal those determinations. To establish a colorable constitutional claim that the Commissioner's actions violated the right to due process, a plaintiff must show that she was denied a meaningful opportunity to be heard or the opportunity to seek reconsideration of an adverse benefits determination. *See Udd*, 245 F.3d at 1099. But "merely alleging a constitutional violation or making a conclusory allegation" is insufficient to confer federal jurisdiction. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). In the context of mental disability, courts require a plaintiff to make a "'particularized allegation of mental impairment plausibly of sufficient severity'" to prevent her from understanding her right to appeal a benefits determination or otherwise pursuing an appeal. *Byam*, 336 F.3d at 182 (quoting *Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997)). But a plaintiff need not establish that she will prevail on her claim in order to establish jurisdiction. A constitutional claim that may ultimately prove meritless can be colorable if it is not insubstantial, immaterial, or frivolous. *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985).

4

Plaintiff offers several pieces of evidence to support the allegation that her mental condition prevented her from pursuing her appeal rights in 1984 and 1985. Plaintiff submits an earnings statement showing that she did not work from 1984 to 1990. She also points to the ALJ's 1998 decision finding that she suffered from severe depression that impaired her memory, concentration and judgment and that she was disabled beginning on May 28, 1996. Finally, plaintiff offers two letters written by her treating physician, Dr. Leslie Snider. In the first letter, dated September 16, 1998, Dr. Snider states that plaintiff was diagnosed by another doctor in 1994 with dissociative disorder and borderline personality disorder and was suffering from recurrent major depressive disorder as of 1998. Dr. Snider's September 16 letter also notes that plaintiff first came to Chartres Mental Health Center in April 1984, but that the written records from that time were likely unavailable. In the second letter, dated March 31, 1999, Dr. Snider states that when plaintiff first visited the Chartres Mental Health Center in April 1984, she had been unable to work for a year. The March 31 letter also states that plaintiff's April 1984 psychological evaluation indicated that plaintiff's "highest level of adaptive functioning" at that time was "level 5" and that she showed "a moderate amount of impairment in both social relations and

5

occupational functioning."

Much of this evidence is irrelevant to determining whether plaintiff suffered a mental impairment in 1984, let alone one of such severity that it could have prevented her from understanding her administrative appeal rights.  For example, the ALJ's 1998 findings and Dr. Snider's September 16 letter tend to show only that plaintiff suffered from a mental impairment in the mid-1990s.  Neither of those documents remotely speaks to plaintiff's mental condition at a time more than ten years earlier. Plaintiff's earnings statement also does not independently support her allegations.  Although it shows that plaintiff did not work between 1984 and 1990, that alone does not tend to show that her failure to do so was because of mental impairment.

The only evidence that independently supports plaintiff's assertions is Dr. Snider's March 31, 1999 letter, which conveys that plaintiff's April 1984 psychological evaluation revealed that she had adaptive functioning difficulties and moderate social and occupational functioning impairment.  This evidence, however, is also insufficient to establish a colorable constitutional claim.  For example, although Dr. Snider's March 31 letter states that plaintiff's maximum level of adaptive functioning is "level 5," Dr. Snider does not explain the significance of that determination or even describe the

parameters of the scale from which it was derived. Similarly, although the 1984 evaluation found that plaintiff had moderate impairment in social and occupational functioning, Dr. Snider's letter simply does not speak to the relevant question of whether plaintiff's condition impaired her memory, comprehension or understanding at that time. Moreover, plaintiff has not provided a copy of any relevant medical records, including the 1984 psychological evaluation itself, from which the Court could make an assessment of the severity of plaintiff's alleged impairment at that time. Based on this record, plaintiff has not satisfied her burden of alleging a mental impairment severe enough to impair her ability to understand and pursue her appeal rights. Accordingly, plaintiff has failed to present a colorable claim that her due process rights were violated, and the Court has no jurisdiction to review the Commissioner's refusal to reopen its 1984 and 1985 determinations.

### III. CONCLUSION

For the reasons stated above, plaintiff's claims are dismissed for lack of jurisdiction.

Baton Rouge, Louisiana this 12th day of October, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE